1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11

AMY C.,[1]

                       Plaintiff,

     v.

ANDREW M. SAUL,
Commissioner of Social Security,

                     Defendant.

Case No. 5:19-cv-01898-MAA

**MEMORANDUM DECISION AND ORDER REVERSING DECISION OF THE COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

12

13

14

15

16

17

18

19

      On October 3, 2019, Plaintiff filed a Complaint seeking review of the Social

20

Security Commissioner's final decision denying her application for a period of

21

disability and disability insurance benefits pursuant to Title II of the Social Security

22

Act.  This matter is fully briefed and ready for decision.  For the reasons discussed

23

below, the Commissioner's final decision is reversed, and this action is remanded

24

for further administrative proceedings.

25

26

[1]  Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

27

28

## PROCEDURAL HISTORY

On May 11, 2016, Plaintiff protectively filed an application for a period of disability and disability insurance benefits, alleging disability beginning on January 12, 2016.  (Administrative Record [AR] 16, 61, 70.)  Plaintiff alleged disability because of "[n]europathy in both feet and hands (lack of sensation in feet)."  (AR 54, 63.)  After her application was denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  (AR 86-87.)  During a hearing held on July 25, 2018, at which Plaintiff appeared with counsel, the ALJ heard testimony from Plaintiff and a vocational expert.  (AR 30-52.)

In a decision issued on October 9, 2018, the ALJ denied Plaintiff's claim after making the following findings pursuant to the Commissioner's five-step evaluation.  (AR 15-26.)  Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date of January 12, 2016.  (AR 17.)  She had severe impairments consisting of inflammatory arthritis, peripheral neuropathy, carpal tunnel syndrome, and obesity.  (AR 18.)  She did not have an impairment or combination of impairments that met or medically equaled the requirements of one of the impairments from the Commissioner's Listing of Impairments.  (AR 18-19.)  She had a residual functional capacity for light work with additional postural and manipulative limitations.  (AR 19.)  She was capable of performing her past relevant work as a "manager, retail store."  (AR 23.)  She also was capable of performing other work in the national economy, in several occupations.  (AR 24-26.)  In sum, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act.  (AR 26.)

On August 21, 2019, the Appeals Council denied Plaintiff's request for review.  (AR 1-6.)  Thus, ALJ's decision became the final decision of the Commissioner.

///

///

2

**DISPUTED ISSUE**

The parties raise the following disputed issue:  whether the ALJ properly considered Plaintiff's allegations regarding her pain and limitations.  (ECF No. 15, Parties' Joint Stipulation ["Joint Stip."] at 2.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied.  *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson*, 402 U.S. at 401.  The Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion.  *Lingenfelter*, 504 F.3d at 1035.  Where evidence is susceptible of more than one rational interpretation, the Commissioner's interpretation must be upheld.  *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

**DISCUSSION**

I.     **Plaintiff's Subjective Symptom Testimony.**

A.     **Legal Standard.**

An ALJ must make two findings in assessing a claimant's pain or symptom testimony.  SSR 16-3P, 2017 WL 5180304, at *3; *Treichler*, 775 F.3d at 1102. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected

3

to produce the pain or other symptoms alleged." *Treichler*, 775 F.3d at 1102 (citation omitted). "Second, if the claimant has produced that evidence, and the ALJ has not determined that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms" and those reasons must be supported by substantial evidence in the record. *Id*.; *see also Marsh v. Colvin*, 792 F.3d 1170, 1174 n.2 (9th Cir. 2015).

"A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (*en banc*)).

Beginning on March 28, 2016, SSR 16-3P rescinded and superseded the Commissioner's prior rulings as to how the Commissioner will evaluate a claimant's statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims. *See* SSR 16-3P, 2017 WL 5180304, at *1. Because the ALJ's decision in this case was issued on October 9, 2018, it is governed by SSR 16-3P. *See id*. at *13 and n.27.  In pertinent part, SSR 16-3P eliminated the use of the term "credibility" and clarified that the Commissioner's subjective symptom evaluation "is not an examination of an individual's character." SSR 16-3P, 2017 WL 5180304, at *2; *see also Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017).  These changes are largely stylistic and are consistent in substance with Ninth Circuit precedent that existed before the effective date of SSR16-3P. *See Trevizo*, 871 F.3d at 678 n.5.

///

///

///

4

**B.     Background.**

In June 2015, Plaintiff sought medical attention for migratory joint pain and swelling.  (AR 842.)  In September 2015, Plaintiff reported pressure sensations, swelling, and lack of feeling in her feet.  (AR 271.)  In January 2016, she was diagnosed with bilateral lower extremity peripheral neuropathy and possible mild right carpal tunnel syndrome.  (AR 579.)  Around this time, she also was diagnosed with arthritis.  (AR 968.)  At the administrative hearing, Plaintiff's attorney argued that the neuropathy and arthritis rendered Plaintiff disabled.  (AR 34.)  Plaintiff then testified about her condition as follows:

Plaintiff last worked on January 11, 2016.  (AR 35.)  She had worked for 19 years as a retail manager.  (*Id*.)  Her job involved office work, being on the sales floor, and "any and all of it."  (*Id*.)  She had not looked for another job.  (AR 36.)  She has long-term disability benefits from her past employer.  (AR 37.)

Plaintiff can no longer work because of pain in her hands and feet.  (AR 36.)  The pain is mainly in her feet.  (AR 37.)  She needs to elevate her feet for "well over 70% of the day."  (AR 37-38.)  She elevates her feet on an ottoman or pillows.  (AR 40.)  She takes naps every other day, for one to three hours at a time.  (AR 40-41.)  Her computer work is very limited because she struggles with keyboards.  (AR 41.)

Plaintiff takes medications such as Methotrexate, but they help "[n]ot so much."  (AR 38.)  She has "tried all the medications to help, it's just pretty much what I have to deal with."  (*Id*.)

Plaintiff has traveled from time to time after her symptoms began.  In January 2018, she traveled to Las Vegas.  (AR 42.)  Prior to that trip, she "flew up to Oregon for a few days."  (*Id*.)

///

///

///

### C.    Analysis.

#### 1.    The ALJ's Findings.

The ALJ first found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms.  (AR 22.)  However, the ALJ next found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence in the record.  (*Id.*)  Thus, the ALJ rejected Plaintiff's subjective symptom testimony.

As an initial matter, the parties disagree over whether the ALJ properly rejected Plaintiff's subjective symptom testimony for the reason that it was inconsistent with Plaintiff's medical records.  (Joint Stip. at 5-8, 14-15.)  However, the parties only cite to the ALJ's discussion of the medical records, which is not the same thing as a clearly stated reason to reject Plaintiff's subjective symptom testimony.  Under well-established Ninth Circuit precedent, a district court has no authority to construe an ALJ's general discussion of the medical records as a specific reason to reject a claimant's subjective symptom testimony.  *See Lambert v. Saul*, __ F.3d__, 2020 WL 6735633, at *10 (9th Cir. Nov. 17, 2020) ("But our precedents plainly required the ALJ to do more than was done here, which consisted of offering non-specific conclusions that Lambert's testimony was inconsistent with her medical treatment.") (collecting cases).  Thus, the Court may not review the ALJ's discussion of the medical records as a reason for the ALJ's assessment of Plaintiff's subjective symptom testimony.

The ALJ otherwise offered two specific reasons to reject Plaintiff's subjective symptom testimony.  (AR 22.)  The Court reviews each reason in turn.

#### a.    Travel.

The ALJ first found that "[w]hile [Plaintiff] testified that she can no longer work due to pain in her feet and that activities worsen the pain, medical records in

1    evidence show that [Plaintiff] planned a trip to New England for a two-week

2    duration.  [AR 1028.]  She also testified that she has taken a long trip to Oregon,

3    and she recently traveled to Las Vegas in January."  (AR 22.)

4         A claimant's ability to travel may or may not be a valid reason to reject his or

5    her testimony, depending on how limited the claimant alleges to be.  *Compare*

6    *Howard v. Heckler*, 782 F.2d 1484, 1485, 1488 (9th Cir. 1986) (claimant's pain

7    testimony was not undermined by his ability to engage "in wide-ranging travel

8    around North America in a motor home" that he drove himself, albeit with frequent

9    stops and floor exercises); *with Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir.

10   2008) (ALJ properly inferred from the claimant's "ability to travel to Venezuela for

11   an extended time to care for an ailing sister" that the claimant "was not as

12   physically limited as he purported to be").

13        Here, the evidence of Plaintiff's traveling is not sufficiently detailed to

14   establish, clearly and convincingly, that such traveling was inconsistent with

15   Plaintiff's subjective allegations.  The only available details about such traveling,

16   involving the trip to New England, appear to undermine this reasoning.  After

17   telling her rheumatologist about the New England trip, Plaintiff asked him for a

18   wheelchair (AR 1028), which the rheumatologist prescribed for her and found to be

19   "[r]easonable since she has severe peripheral neuropathy" (AR 1036).  Traveling

20   with a prescribed wheelchair is not clearly inconsistent with Plaintiff's subjective

21   allegations that she has pain in her feet and that activities worsen the pain.  In light

22   of the only detailed evidence on this point, Plaintiff's ability to travel was not a

23   clear and convincing reason based on substantial evidence to reject her particular

24   allegations.  *See Howard*, 782 F.2d at 1488; *Wilson v. Commissioner of Social Sec.*,

25   303 F. App'x 565, 566 (9th Cir. 2008) (evidence that the claimant occasionally

26   drove to Phoenix, took a vacation to Hawaii, and went grocery shopping was not

27   clear and convincing evidence that the claimant led a life that is not compatible

28   with disabling pain and limitations); *see also Hostrawser v. Astrue*, 364 F. App'x

373, 378 (9th Cir. 2010) (traveling a few times for personal purposes did not show the claimant's ability to work on a sustained basis).

### b.    Return to work.

The ALJ next found that, despite Plaintiff's testimony that she last worked in January 2016, the "medical records in evidence show that [Plaintiff] returned to work March 28, 2016, and was working as of May 3, 2016.  [AR 841]."  (AR 22.)

The record shows that Plaintiff stopped working after multiple emergency room visits in January 2016 and told her medical providers that she planned to apply for temporary disability benefits.  (AR 562.)  However, Plaintiff went back to work on March 28, 2016.  (AR 886.)  Three days later, on March 31, 2016, she sought medical attention because her foot neuropathic pain came back; she had "burning, shooting bottom of feet"; she had redness in her left ankle; and she had to restart Norco and Ibuprofen.  (*Id*.)  Approximately one month later, on May 3, 2016, Plaintiff again sought medical attention because she had neuropathic lower extremity pain from her knee area down to her feet; her left foot was "slapping when walking sometimes"; and she "still [had] severe neuropathic pain making it difficult to work on her feet all day as a manager."  (*Id*.)  During that same visit, Plaintiff stated she was "starting the disability process."  (*Id*.)  As of June 14, 2016, Plaintiff was on "state disability," with "long term disability" to start the following year.  (*Id*.)  Thus, the record shows that, contrary to Plaintiff's testimony that she last worked on January 11, 2016 (AR 35), she did subsequently work for a number of weeks, beginning on March 28, 2016.

Although the evidence of this work period does demonstrate a discrepancy with Plaintiff's testimony about when she stopped working, it was not a convincing discrepancy.  *See Popa v. Berryhill*, 872 F.3d 901, 906-07 (9th Cir. 2017) ("A single discrepancy fails, however, to justify the wholesale dismissal of a claimant's testimony."); *see also Burrell v. Colvin*, 775 F.3d 1133, 1139-40 (9th Cir. 2014)

(one weak reason does not satisfy the clear and convincing standard).  The discrepancy here did not convincingly show that Plaintiff, contrary to her testimony, could continue to work successfully after January 11, 2016.  It showed that Plaintiff attempted to work after January 11, 2016, that she needed repeated medical visits and narcotic pain medication to do so, and that she quickly abandoned the attempt.  "It does not follow from the fact that a claimant tried to work for a short period of time and, because of his impairments, *failed*, that he did not then experience pain and limitations severe enough to preclude him from *maintaining* substantial gainful employment."  *Lingenfelter*, 504 F.3d at 1038 (emphasis in original) (holding that a claimant's unsuccessful attempt to work for nine weeks was not a clear and convincing reason to find him not credible).  Thus, this discrepancy was not a clear and convincing reason based on substantial evidence to reject Plaintiff's subjective symptom testimony.

## 2.    Harmless Error.

The two stated reasons to reject Plaintiff's subjective symptom testimony were not clear and convincing reasons based on substantial evidence.  This case, however, raises the issue of harmless error.  The ALJ found that Plaintiff could perform multiple occupations in the national economy that would be highly accommodating of a person with significant limitations.  (AR 24-26.)  If those occupations could be performed by a person with Plaintiff's limitations, as she described them, then the ALJ's assessment of her subjective symptom testimony would be harmless error.  *See Brown-Hunter*, 806 F.3d at 494 (an ALJ's erroneous assessment of a claimant's testimony is harmless only if it is "inconsequential to the ultimate nondisability determination") (citing *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

The three occupations that permitted the most significant limitations were that of call-out operator, page, and furniture rental consultant:  each occupation

permitted a "sit stand option" and required only "occasional handling and fingering."  (AR 25; *see also* AR 47-48.)  However, Plaintiff's limitations, as she described them, were more restrictive than what even these occupations would permit.  Plaintiff testified that she struggles with keyboards (AR 41) and that she must elevate her legs for most of the day (AR 40) in a manner that the vocational expert opined would be unacceptable to employers (AR 51).  Because even the most permissive occupations would not account for these limitations as Plaintiff described them, the error in the assessment of her subjective symptom testimony was not harmless.  Thus, reversal is warranted.

## II.   Remand for Further Administrative Proceedings.

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (citations omitted).  "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence." *Id.*  "If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id.* (citation and internal quotation marks omitted).

Here, all essential factual issues have not been resolved.  Thus, it is inappropriate to credit any testimony as true. *See Leon v. Berryhill*, 880 F.3d 1041, 1046 (9th Cir. 2017).  The record raises factual conflicts about Plaintiff's level of functioning that "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter*, 806 F.3d at 496; *see also Treichler*, 775 F.3d at 1101 (stating that remand for an award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d

1135, 1138 (9th Cir. 2011) (same where the existing record does not clearly demonstrate that the claimant is disabled within the meaning of the Social Security Act).

Therefore, based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. It is not the Court's intent to limit the scope of the remand.

## ORDER

It is ordered that Judgment be entered reversing the final decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: November 25, 2020

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE